JOHN CLEMENSHAW, PLAINTIFF, v. JOHN RIZZO, DE-
FENDANT.

Decided October 20, 1925.

Negligence—Motor Truck Collision With Pedestrian Crossing
Street—Pedestrian Observed Traffic As It Properly Should
Have Moved—Charge That He Was Guilty of Contributory
Negligence in Not Looking in Other Direction Not Sustained
—No Error in Court's Refusal to Direct Nonsuit, or in Parts
or Court's Charge—Verdict Not Contrary to Weight of Evi-
dence.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the rule, *Mendelsohn & Mendelsohn.*

*Contra, William I. Lewis* and *John O. Benson.*

PER CURIAM.

The plaintiff sued the defendant in an action in tort to
recover damages for injuries sustained as a result of the de-
fendant's negligence in operating a motor truck along River
street, in the city of Paterson, by colliding with the plaintiff,
who at the time was lawfully crossing said street. The plain-
tiff obtained a verdict against the defendant for the sum of
$5,000.

Under the rule to show cause why the verdict should not
be set aside the defendant presents these reasons: 1. Because
the trial court refused to direct a nonsuit. 2. Because the
court refused to direct a verdict of no cause of action.
3. That the verdict was contrary to the weight of the evidence.
4. Because the court charged the jury: "Now, of course, a
man would be exercising one degree of care if he looked from
one place, and he would be exercising another degree of care

if he looked from another place or if he did not look at all."
5. Refusal of the court to charge the jury: "If you find that
the plaintiff stepped off the curb without looking, and did not
look until he was struck by the car he was guilty of con-
tributory negligence."

Our examination of the testimony leads us to the con-
clusion that the motion for a nonsuit and for a direction of
a verdict for the defendant were properly denied. There was
testimony from which a jury was warranted in finding that
the injury of the plaintiff was caused through the defendant's
negligence, solely. Nor can we say that the verdict is so
clearly against the weight of the evidence as to justify its
being set aside. We perceive no error in the court charging
the jury: "Now, of course, a man would be exercising one
degree of care if he looked from one place, and he would be
exercising another degree of care if he looked from another
place, or if he did not look at all." The criticism of counsel
is, that the charge embodied in it as a proposition of law
*that man would be exercising a certain degree of care even
if he did not look at all.* This abstract comment upon the
evidence was proper in view of the testimony, for it appeared
that the plaintiff had reached that part of the highway and
was looking in the direction from which the traffic would
properly come, and was not looking in the direction from
which traffic, in the proper use of the highway, was not
reasonably expected to approach, when he was collided with
by the defendant's truck which approached on that part of
the highway where, according to the Traffic law, it had no
right to be, and where the defendant had no reason to expect
it to be, and where no timely warning was given of its ap-
proach.

The trial court properly refused to charge the jury de-
fendant's request: "If you find that the plaintiff stepped off
the curb without looking, and did not look until he was
struck by the car, he was guilty of contributory negligence."
The trial judge had fully charged on the subject requested.
Moreover, the trial court is not obliged, though especially
requested to do so, to apply a legal principle, which it clearly

states to the jury, to conditions of facts postulated by the defendant's counsel particularly where such conditions do not include all the circumstances which should influence the conclusion of the jury. *Consolidated Traction Co.* v. *Chemowith,* 61 *N. J. L.* 554.

Rule is discharged, with costs.